Debtor    Kevin James Keller

United States Bankruptcy Court for the:    Eastern District of Pennsylvania    ☐ Check if this is an amended plan

Case number:    17-14565-ref

Official Form 113
# Chapter 13 Plan

## Part 1: Notices

To Debtors:    This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors and statement regarding your income status, you must check each box that applies.*

To Creditors:    **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

*If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.*

The following matters may be of particular importance to you. *Boxes must be checked by debtor(s) if applicable.*

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, Section 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, Section 3.4.

☑ The plan sets out nonstandard provisions in Part 9.

**Income status of debtor(s), as stated on Official Form 122-C1**

*Check one.*

☑ The current monthly income of the debtor(s) is **less** than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

☐ The current monthly income of the debtor(s) is **not less** than the applicable median income specified in 11 U.S.C. § 1325(b)(4)(A).

## Part 2: Plan Payments and Length of Plan

2.1    Debtor(s) will make regular payments to the trustee as follows:

$_____    per_____    for _____ months

[and $_____    per_____    for _____ months.] *Insert additional lines as needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in Parts 3 through 6 of this plan.

2.2    **Regular payments to the trustee will be made from future earnings in the following manner:**

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order.

☐ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment):_____.

Debtor    Kevin James Keller                                    Case number  17-14565-ref

### 2.3 Income tax refunds.

*Check one.*

☐ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.

☐ Debtor(s) will treat income tax refunds as follows:

_____
_____

### 2.4 Additional payments.

*Check one.*

☐ None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

☐ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____
_____

### 2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $_____.

## Part 3:   Treatment of Secured Claims

### 3.1 Maintenance of payments and cure of default, if any.

*Check one.*

☐ None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☐ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage, if any | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| _____ | _____ | $_____<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | $_____ | _____% | $_____ | $_____ |
| _____ | _____ | $_____<br>Disbursed by:<br>☐ Trustee<br>☐ Debtor(s) | $_____ | _____% | $_____ | $_____ |

*Insert additional claims as needed - use separate sheet.*

Debtor ___Kevin James Keller_____        Case number __17-14565-ref_____

### 3.2 Request for valuation of security and claim modification. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

*The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.*

☐ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| _____ | $_____ | _____ | $_____ | $_____ | $_____ | ___% | $_____ | $_____ |
| _____ | $_____ | _____ | $_____ | $_____ | $_____ | ___% | $_____ | $_____ |

*Insert additional claims as needed.*

### 3.3 Secured claims excluded from 11 U.S.C. § 506.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☐ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim or modification of a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| _____ | _____ | $_____ | ___% | $_____ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $_____ |
| _____ | _____ | $_____ | ___% | $_____ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $_____ |

*Insert additional claims as needed - use separate sheet.*

Debtor __Kevin James Keller__    Case number __17-14565-ref__

### 3.4 Lien avoidance.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box on Part 1 of this plan is checked.**

☐ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor(s) would have been entitled under 11 U.S.C. § 522(b). A judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

| Information regarding judicial lien or security interest | Calculation of lien avoidance | | Treatment of remaining secured claim |
|---|---|---|---|
| **Name of creditor** | a. Amount of lien | $ _____ | **Amount of secured claim after avoidance** (line a minus line f) $ _____ |
| _____ | b. Amount of all other liens | $ _____ | |
| **Collateral** | c. Value of claimed exemptions | + $ _____ | **Interest rate** (if applicable) |
| _____ | d. Total of adding lines a, b, and c | $ 0 | _____ % |
| **Lien identification** (such as judgment date, date of lien recording, book and page number) | e. Value of debtor's interest in property | − $ _____ | **Monthly plan payment** $ _____ |
| _____ _____ | f. Subtract line e from line d. | $ 0 | **Estimated total payments on secured claim** $ _____ |

Extent of exemption impairment
*(Check applicable box):*

☐ **Line f is equal to or greater than line a.**
The entire lien is avoided. *(Do not complete the next column.)*

☐ **Line f is less than line a.**
A portion of the lien is avoided. *(Complete the next column.)*

*Insert additional claims as needed.*

### 3.5 Surrender of collateral.

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) consent to termination of the stay under 11 U.S.C. § 362(a) and § 1301 with respect to the collateral, upon confirmation of the plan. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| _____ | _____ |
| _____ | _____ |

*Insert additional claims as needed − use separate sheet.*

Debtor  Kevin James Keller                              Case number  17-14565-ref

## Part 4: Treatment of Fees and Priority Claims

### 4.1 General

Trustee's fees and all allowed priority claims other than those treated in § 4.6 will be paid in full without interest.

### 4.2 Trustee's fees

Trustee's fees are estimated to be _____% of plan payments; and during the plan term, they are estimated to total  $_____.

### 4.3 Attorney's fees

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $_____.

### 4.4 Priority claims other than attorney's fees and those treated in § 4.5.

*Check one.*

❏ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

❏ The debtor estimates the total amount of other priority claims to be _____.

### 4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

*Check one.*

❏ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

❏ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4), but not less than the amount that would have been paid on such claim if the estate of the debtor were liquidated under chapter 7, see 11 U.S.C. § 1325(a)(4).

| Name of creditor | Amount of claim to be paid |
|---|---|
| _____ | $_____ |
| _____ | $_____ |

*Insert additional claims as needed - use separate sheet.*

## Part 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

❏ The sum of $_____.

❏ _____% of the total amount of these claims.

❏ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $_____. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

### 5.2 Interest on allowed nonpriority unsecured claims not separately classified. *Check one.*

❏ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

❏ Interest on allowed nonpriority unsecured claims that are not separately classified will be paid at an annual percentage rate of ____% under 11 U.S.C. §1325(a)(4), and is estimated to total $_____.

Debtor    Kevin James Keller    Case number    17-14565-ref

**5.3 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

☐ The debtor(s) will maintain the contractual installment payments and cure any default in payments on the unsecured claims listed below on which the last payment is due after the final plan payment. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. The allowed claim for the arrearage amount will be paid in full and disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of creditor | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|
| _____ | $_____ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $_____ | $_____ |
| _____ | $_____ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $_____ | $_____ |

*Insert additional claims as needed.*

**5.4 Other separately classified nonpriority unsecured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

☐ The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Name of creditor | Basis for separate classification and treatment | Amount to be paid on the claim | Interest rate (if applicable) | Estimated total amount of payments |
|---|---|---|---|---|
| _____ | _____ | $_____ | _____% | $_____ |
| _____ | _____ | $_____ | _____% | $_____ |

*Insert additional claims as needed - use separate sheet.*

### Part 6: Executory Contracts and Unexpired Leases

**6.1** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☐ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor, as specified below. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor.

| Name of creditor | Description of leased property or executory contract | Treatment (Refer to other plan section if applicable) | Current installment payment | Amount of arrearage to be paid | Estimated total payments by trustee |
|---|---|---|---|---|---|
| _____ | _____ | _____ | $_____ <br> Disbursed by: <br> ☐ Trustee <br> ☐ Debtor(s) | $_____ | $_____ |

Debtor  Kevin James Keller                           Case number  17-14565-ref

$_____  $_____  $_____
Disbursed by:
❏ Trustee
❏ Debtor(s)

*Insert additional contracts or leases as needed.*

## Part 7: Order of Distribution of Trustee Payments

7.1 The trustee will make the monthly payments required in Parts 3 through 6 in the following order, with payments other than those listed to be made in the order determined by the trustee:

a. _____

b. _____ *Insert additional lines as needed.*

## Part 8: Vesting of Property of the Estate

8.1 Property of the estate will vest in the debtor(s) upon

*Check the applicable box:*

❏ plan confirmation.

❏ entry of discharge.

❏ other: _____.

## Part 9: Nonstandard Plan Provisions

❏ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

*Nonstandard provisions are required to be set forth below.*

**These plan provisions will be effective only if the applicable box in Part 1 of this plan is checked.**

## Part 10: Signatures:

✗ *Kevin James Keller*       Date 08/17/2017
**Signature of Attorney for Debtor(s)**

✗ _____  Date _____

✗ _____  Date _____

**Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)**

Debtor  Kevin James Keller                                         Case number  17-14565-ref

# Exhibit: Total Amount of Estimated Trustee Payments

The trustee will make the following estimated payments on allowed claims in the order set forth in Section 7.1:

| | | |
|---|---|---|
| a. | **Maintenance and cure payments on secured claims** (*Part 3, Section 3.1 total*): | $_____ |
| b. | **Modified secured claims** (*Part 3, Section 3.2 total*): | $_____ |
| c. | **Secured claims excluded from 11 U.S.C. § 506** (*Part 3, Section 3.3 total*): | $_____ |
| d. | **Judicial liens or security interests partially avoided** (*Part 3, Section 3.4 total*): | $_____ |
| e. | **Fees and priority claims** (*Part 4 total*): | $_____ |
| f. | **Nonpriority unsecured claims** (*Part 5, Section 5.1 total*): | $_____ |
| g. | **Interest on allowed unsecured claims** (*Part 5, Section 5.2 total*) | $_____ |
| h. | **Maintenance and cure payments on unsecured claims** (*Part 5, Section 5.3 total*) | $_____ |
| i. | **Separately classified unsecured claims** (*Part 5, Section 5.4 total*) | $_____ |
| j. | **Trustee payments on executory contracts and unexpired leases** (*Part 6, Section 6.1 total*)   + | $_____ |

**Total of lines a through j**............................................................................................................  $ 0

**United States Bankruptcy Court**
**Eastern Division of Pennsylvania**

**Kevin James Keller – Case # 17-14565-ref**

**Chapter 13 Plan**

Kevin James Keller has a standard 30 year mortgage which is eligible for a modification. He originally borrowed $197,250 in August or September of 2004. It was a 30 year loan at 7% interest and a monthly principal and interest payment of $1534.60 (roughly half of his current monthly income). A standard Chapter 13 will not work as the payment is too high and adding a trustee payment will only make matters worse.

In Mr. Keller's case, the judgment is for $482,055. Using the NPV Calculation, graciously supplied by the Federal Government…Mr. Keller is eligible for a modification. I have attached the NPV results for your review. By reducing his outstanding balance by $69,601.11 (fines, fees, penalties), lowering the interest rate to 2% (standard on most HAMP modifications) and extending the term to 40 years, results in a new principal & interest payment of $210.77. The total new payment including escrows will be $1136.77, much less than his current payment. His property is worth around $350,000 to $380,000 at the current time. He does have a handicapped child that is used to this home (which has been modified to take into consideration her needs).

Mr. Keller is a hardworking, single father and has tried working with his lender many times to secure a modification that he is actually eligible for. He has owned this home for 13 years and deserves the right to retain the property.

By exercising this option, the Lender will have their funds, Mr. Keller will keep his home andthe bankruptcy can simply be dismissed or discharged with no trustee payments.

I am assisting Mr. Keller with getting his mortgage modified.
My contact information is listed below.


Tina Calvaresi
Financial Specialist
Saving Homes Today
P.O. Box 4072
Reading, PA 19606
610-944-2128

**MAKING HOME AFFORDABLE**
An official program of the Departments of the Treasury & Housing and Urban Development

05-31-2017 06:21 AM

# NPV Evaluation Results

Based on the information you provided you may be eligible for a HAMP modification.

Be sure to save a copy of the information below and share it with your mortgage servicer to discuss options available to you.

Please note, CheckMyNPV.com provides only an estimate of a servicer's NPV evaluation. While the NPV formula used is required to be the same as your mortgage servicer's, differences in input data and other industry-related data may result in different outputs.

Your session has ended and you will not be able to run an NPV evaluation without completing this process again.

For more information about the proposed modification, visit the Frequently Asked Questions.

## Information Calculated For You

## Proposed Modification Information

| | |
|---|---|
| NPV Date | 05-31-2017 |
| Unpaid Principal Balance of the Proposed Modification | $69,601.11 |
| Principal Forbearance Amount of the Proposed Modification | $412,453.90 |
| Interest Rate of the Proposed Modification | 2.0000% |
| Principal and Interest Payment of the Proposed Modification | $210.77 |
| Amortization Term of the Proposed Modification | 480 months |

## Information That You Provided

| | |
|---|---|
| Which best describes you? | Counselor |

## Servicer & Investor Information

| | |
|---|---|
| Your Investor | Other |
| Your Mortgage Servicer | Other |
| Discount Rate Risk Premium | 0 |

## Homeowner & Property Information

| | |
|---|---|
| Data Collection Date | 05-30-2017 |
| Do you currently reside in the property under evaluation? | Yes |
| Borrower Credit Score | 500 |
| Co-Borrower Credit Score | |
| Monthly Gross Income | $3,667.00 |
| Property State | PA |
| Property Zip Code | 19540 |
| Property Value | $425,000.00 |
| Property Valuation Type | Estimated/AVM |

## Mortgage Information

| | |
|---|---|
| Original Loan Amount | $197,250.00 |
| First Payment Date | 10-01-2004 |
| Do you have a fixed rate mortgage? | Yes |
| Unpaid Principal Balance of Your Mortgage | $482,055.00 |
| Total First Mortgage Debt | $482,055.00 |
| Interest Rate of Your Mortgage | 7.000% |
| Remaining Term (Months Remaining) on Your Mortgage | 204 |
| Mortgage Insurance Coverage Percent | 0% |
| Modification Fees Paid by Investor | $0.00 |

## Monthly Payment Information

| | |
|---|---|
| Principal and Interest | $1,534.60 |
| Real Estate Taxes | $825.00 |
| Hazard and Flood Insurance | $101.00 |
| Homeowner Association Fees and Escrow Shortage | $0.00 |
| Months Past Due | 76 |
| Imminent Default | Yes |

# Important information regarding NPV Evaluation results obtained from this site.

The net present value ("NPV") of your mortgage is one of many factors that need to be considered in determining whether you are eligible for participation in the Home Affordable Modification Program("HAMP"). For this reason:

- The NPV evaluation results generated through use of this Site ("NPV Results") are not evidence of, nor are they determinative of, your or any other person's or entity's eligibility for participation in any federal, state, local, Fannie Mae, Freddie Mac or other mortgage foreclosure prevention or assistance type plan.

- This calculator uses the same underlying formula for calculating NPV as that used by each participating mortgage servicer, these results may vary from that of this calculator due to differences in data inputs.

- The NPV Results for a mortgage that are the same as or similar to NPV evaluation results obtained or reported by any other person or entity ("Other NPV Evaluation Results") in connection with that mortgage do not constitute in any way any endorsement, statement, confirmation, verification or certification of accuracy or reasonableness by Treasury, its financial agents or any person or entity of such Other NPV Evaluation Results.

- The NPV Results for a mortgage that differ from Other NPV Evaluation Results in connection with that mortgage do not constitute in any way any suggestion, inference, statement, confirmation, verification or certification by Treasury, its financial agents or any person or entity of any error, omission or illegal activity by any person or entity.

## Helpful Resources

Frequently Asked Questions | Glossary of Terms | CheckMyNPV.com Quick Start Guide

This information is provided subject to, and may only be used in compliance with, the Terms of Use and other requirements, policies and disclaimers contained on CheckMyNPV.com.

www.Treasury.gov | www.WhiteHouse.gov | www.HUD.gov | www.FinancialStability.gov