B2400A/B ALT (Form 2400A/B ALT) (12/15)

☐ **Presumption of Undue Hardship**
☐ **No Presumption of Undue Hardship**
(Check box as directed in Part D: Debtor's Statement in Support of Reaffirmation Agreement.)

# UNITED STATES BANKRUPTCY COURT
Eastern District of Pennsylvania

In re  Kevin James Keller  ,                Case No. 17-14565-REF
           Debtor                             Chapter  13

## REAFFIRMATION AGREEMENT
*[Indicate all documents included in this filing by checking each applicable box.]*

☒ Part A: Disclosures, Instructions, and Notice to Debtor (pages 1 - 5)     ☒ Part D: Debtor's Statement in Support of Reaffirmation Agreement

☒ Part B: Reaffirmation Agreement     ☒ Part E: Motion for Court Approval

☒ Part C: Certification by Debtor's Attorney

*[**Note:** Complete Part E only if debtor was not represented by an attorney during the course of negotiating this agreement.* ***Note also:*** *If you complete Part E, you must prepare and file Form 2400C ALT - Order on Reaffirmation Agreement.]*

**Name of Creditor:**  US Bank/SPS (Select Portfolio Servicing)

☐ *[Check this box if]* Creditor is a Credit Union as defined in §19(b)(1)(a)(iv) of the Federal Reserve Act

## PART A: DISCLOSURE STATEMENT, INSTRUCTIONS AND NOTICE TO DEBTOR

1.  **DISCLOSURE STATEMENT**

*Before Agreeing to Reaffirm a Debt, Review These Important Disclosures:*

**SUMMARY OF REAFFIRMATION AGREEMENT**
This Summary is made pursuant to the requirements of the Bankruptcy Code.

**AMOUNT REAFFIRMED**

The amount of debt you have agreed to reaffirm:     $ 482,055

*The amount of debt you have agreed to reaffirm includes all fees and costs (if any) that have accrued as of the date of this disclosure. Your credit agreement may obligate you to pay additional amounts which may come due after the date of this disclosure. Consult your credit agreement.*

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                                                 2

## ANNUAL PERCENTAGE RATE

*[The annual percentage rate can be disclosed in different ways, depending on the type of debt.]*

    a. If the debt is an extension of "credit" under an "open end credit plan," as those terms are defined in § 103 of the Truth in Lending Act, such as a credit card, the creditor may disclose the annual percentage rate shown in (i) below or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

    (i) The Annual Percentage Rate disclosed, or that would have been disclosed, to the debtor in the most recent periodic statement prior to entering into the reaffirmation agreement described in Part B below or, if no such periodic statement was given to the debtor during the prior six months, the annual percentage rate as it would have been so disclosed at the time of the disclosure statement: __7__ %.

*--- And/Or ---*

    (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

$ _____ @ _____ %;
$ _____ @ _____ %;
$ _____ @ _____ %.

    b. If the debt is an extension of credit other than under than an open end credit plan, the creditor may disclose the annual percentage rate shown in (I) below, or, to the extent this rate is not readily available or not applicable, the simple interest rate shown in (ii) below, or both.

    (i) The Annual Percentage Rate under §128(a)(4) of the Truth in Lending Act, as disclosed to the debtor in the most recent disclosure statement given to the debtor prior to entering into the reaffirmation agreement with respect to the debt or, if no such disclosure statement was given to the debtor, the annual percentage rate as it would have been so disclosed: _____%.

*--- And/Or ---*

    (ii) The simple interest rate applicable to the amount reaffirmed as of the date this disclosure statement is given to the debtor: _____%. If different simple interest rates apply to different balances included in the amount reaffirmed, the amount of each balance and the rate applicable to it are:

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                                     3

$_____ @ _____ %;
$_____ @ _____ %;
$_____ @ _____ %.

     c. If the underlying debt transaction was disclosed as a variable rate transaction on the most recent disclosure given under the Truth in Lending Act:

     The interest rate on your loan may be a variable interest rate which changes from time to time, so that the annual percentage rate disclosed here may be higher or lower.

     d. If the reaffirmed debt is secured by a security interest or lien, which has not been waived or determined to be void by a final order of the court, the following items or types of items of the debtor's goods or property remain subject to such security interest or lien in connection with the debt or debts being reaffirmed in the reaffirmation agreement described in Part B.

| Item or Type of Item | Original Purchase Price or Original Amount of Loan |
|---|---|
| Primary Residence | $197,250 |

*Optional---At the election of the creditor, a repayment schedule using one or a combination of the following may be provided:*

**Repayment Schedule:**

Your first payment in the amount of $ 2292.92 is due on 07/15/18 (date), but the future payment amount may be different. Consult your reaffirmation agreement or credit agreement, as applicable.

— *Or* —

Your payment schedule will be: _____(number) payments in the amount of $_____ each, payable (monthly, annually, weekly, etc.) on the _____ (day) of each _____ ( week, month, etc.), unless altered later by mutual agreement in writing.

— *Or* —

A reasonably specific description of the debtor's repayment obligations to the extent known by the creditor or creditor's representative.

    **2. INSTRUCTIONS AND NOTICE TO DEBTOR**

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                                                                                4

**Reaffirming a debt is a serious financial decision.** The law requires you to take certain steps to make sure the decision is in your best interest. If these steps are not completed, the reaffirmation agreement is not effective, even though you have signed it.

1. Read the disclosures in this Part A carefully. Consider the decision to reaffirm carefully. Then, if you want to reaffirm, sign the reaffirmation agreement in Part B (or you may use a separate agreement you and your creditor agree on).

2. Complete and sign Part D and be sure you can afford to make the payments you are agreeing to make and have received a copy of the disclosure statement and a completed and signed reaffirmation agreement.

3. If you were represented by an attorney during the negotiation of your reaffirmation agreement, the attorney must have signed the certification in Part C.

4. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, you must have completed and signed Part E.

5. The original of this disclosure must be filed with the court by you or your creditor. If a separate reaffirmation agreement (other than the one in Part B) has been signed, it must be attached.

6. <u>If the creditor is not a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court unless the reaffirmation is presumed to be an undue hardship as explained in Part D. <u>If the creditor is a Credit Union</u> and you were represented by an attorney during the negotiation of your reaffirmation agreement, your reaffirmation agreement becomes effective upon filing with the court.

7. If you were not represented by an attorney during the negotiation of your reaffirmation agreement, it will not be effective unless the court approves it. The court will notify you and the creditor of the hearing on your reaffirmation agreement. You must attend this hearing in bankruptcy court where the judge will review your reaffirmation agreement. The bankruptcy court must approve your reaffirmation agreement as consistent with your best interests, except that no court approval is required if your reaffirmation agreement is for a consumer debt secured by a mortgage, deed of trust, security deed, or other lien on your real property, like your home.

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                                                 5

# YOUR RIGHT TO RESCIND (CANCEL) YOUR REAFFIRMATION AGREEMENT

You may rescind (cancel) your reaffirmation agreement at any time before the bankruptcy court enters a discharge order, or before the expiration of the 60-day period that begins on the date your reaffirmation agreement is filed with the court, whichever occurs later. To rescind (cancel) your reaffirmation agreement, you must notify the creditor that your reaffirmation agreement is rescinded (or canceled).

**Frequently Asked Questions:**

<u>What are your obligations if you reaffirm the debt?</u> A reaffirmed debt remains your personal legal obligation. It is not discharged in your bankruptcy case. That means that if you default on your reaffirmed debt after your bankruptcy case is over, your creditor may be able to take your property or your wages. Otherwise, your obligations will be determined by the reaffirmation agreement which may have changed the terms of the original agreement. For example, if you are reaffirming an open end credit agreement, the creditor may be permitted by that agreement or applicable law to change the terms of that agreement in the future under certain conditions.

<u>Are you required to enter into a reaffirmation agreement by any law?</u> No, you are not required to reaffirm a debt by any law. Only agree to reaffirm a debt if it is in your best interest. Be sure you can afford the payments you agree to make.

<u>What if your creditor has a security interest or lien?</u> Your bankruptcy discharge does not eliminate any lien on your property. A "lien" is often referred to as a security interest, deed of trust, mortgage or security deed. Even if you do not reaffirm and your personal liability on the debt is discharged, because of the lien your creditor may still have the right to take the property securing the lien if you do not pay the debt or default on it. If the lien is on an item of personal property that is exempt under your State's law or that the trustee has abandoned, you may be able to redeem the item rather than reaffirm the debt. To redeem, you must make a single payment to the creditor equal to the amount of the allowed secured claim, as agreed by the parties or determined by the court.

> **NOTE:** When this disclosure refers to what a creditor "may" do, it does not use the word "may" to give the creditor specific permission. The word "may" is used to tell you what might occur if the law permits the creditor to take the action. If you have questions about your reaffirming a debt or what the law requires, consult with the attorney who helped you negotiate this agreement reaffirming a debt. If you don't have an attorney helping you, the judge will explain the effect of your reaffirming a debt when the hearing on the reaffirmation agreement is held.

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                                                6

## PART B: REAFFIRMATION AGREEMENT.

I (we) agree to reaffirm the debts arising under the credit agreement described below.

1. Brief description of credit agreement:

    Beginning February 1, 2018, I will begin making my original mortgage payment of $2538.34 directly to SPS (Select Portfolio Servicing). Beginning July 15th, 2018, I will begin paying the past due amount to the Trustee. The past due amount equals $2292.92 per month.

2. Description of any changes to the credit agreement made as part of this reaffirmation agreement:

SIGNATURE(S):

| Borrower: | Accepted by creditor: |
|---|---|
| *Kevin J. Keller* | |
| (Print Name) | (Printed Name of Creditor) |
| *Kevin J. Keller* (signature) | |
| (Signature) | (Address of Creditor) |
| Date: 2/7/2018 | |
| | (Signature) |
| Co-borrower, if also reaffirming these debts: | |
| | (Printed Name and Title of Individual |
| (Print Name) | Signing for Creditor) |
| | |
| (Signature) | Date of creditor acceptance: |
| Date: | |

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                                                                7

## PART C: CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY).

*[To be filed only if the attorney represented the debtor during the course of negotiating this agreement.]*

I hereby certify that (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ *[Check box, if applicable and the creditor is not a Credit Union.]* A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

Printed Name of Debtor's Attorney: _____

Signature of Debtor's Attorney: _____

Date: _____

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                                                8

## PART D: DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

*[Read and complete sections 1 and 2, **OR**, if the creditor is a Credit Union and the debtor is represented by an attorney, read section 3. Sign the appropriate signature line(s) and date your signature. If you complete sections 1 and 2 **and** your income less monthly expenses does not leave enough to make the payments under this reaffirmation agreement, check the box at the top of page 1 indicating "Presumption of Undue Hardship." Otherwise, check the box at the top of page 1 indicating "No Presumption of Undue Hardship"]*

1. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or me. I can afford to make the payments on the reaffirmed debt because my monthly income (take home pay plus any other income received) is $ 7750.00 , and my actual current monthly expenses including monthly payments on post-bankruptcy debt and other reaffirmation agreements total $ 4775.00 , leaving $ 2975.00 to make the required payments on this reaffirmed debt.

I understand that if my income less my monthly expenses does not leave enough to make the payments, this reaffirmation agreement is presumed to be an undue hardship on me and must be reviewed by the court. However, this presumption may be overcome if I explain to the satisfaction of the court how I can afford to make the payments here: _____
_____
_____ .

**(Use an additional page if needed for a full explanation.)**

2. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: *Kevin J Kelly* (signature)
        (Debtor)

Date: 2/7/2018
      (Joint Debtor, if any)

— *Or* —

*[If the creditor is a Credit Union and the debtor is represented by an attorney]*

3. I believe this reaffirmation agreement is in my financial interest. I can afford to make the payments on the reaffirmed debt. I received a copy of the Reaffirmation Disclosure Statement in Part A and a completed and signed reaffirmation agreement.

Signed: _____
        (Debtor)

_____
(Joint Debtor, if any)
Date: _____

B2400A/B ALT (Form 2400A/B ALT) (12/15)                                              9

**PART E: MOTION FOR COURT APPROVAL**
*[To be completed and filed only if the debtor is not represented by an attorney during the course of negotiating this agreement.]*

### MOTION FOR COURT APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of this reaffirmation agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions (*check all applicable boxes*):

    ☒ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

    ☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income)

Signed: *Kevin J Keller*
    (Debtor)

_____
(Joint Debtor, if any)

Date: 02/07/2018

IRS Department of the Treasury
Internal Revenue Service

PO Box 69 Stop 811
Memphis  TN  38101-0069

In reply refer to:  0773524307
Jan. 23, 2018    LTR 1962C    0
            200212 30
                00009727
            BODC: SB

KEVIN J KELLER
1803 WELSH RD
MOHNTON  PA  19540-8804



006312

Taxpayer identification number: ████████
            Form:  1040
Tax periods ending:  Dec. 31, 2002    Dec. 31, 2003
            Dec. 31, 2004    Dec. 31, 2005
            Dec. 31, 2006    Dec. 31, 2008
            Dec. 31, 2009    Dec. 31, 2010
            Dec. 31, 2014    Dec. 31, 2015
            Dec. 31, 2016

Dear Taxpayer:

This letter responds to our telephone conversation on Jan. 11, 2018, about the unpaid tax for the tax periods above.

We accepted your offer to pay your monthly installment payments by automatic deductions from your checking account. We'll deduct your payment of $100.00 on the 15th of each month.

Under the terms of your installment agreement, your payment will increase to $150.00 on June 15, 2018,
and continue at this amount until you pay your balance in full or your financial situation changes.

Before we can deduct your monthly payments automatically, we must verify your account information.

We scheduled your first automatic withdrawal payment to be deducted from your checking account on Feb. 15, 2018. If this payment withdrawal doesn't happen as planned, allow one more month before contacting us to report any problems.

        WHAT YOU NEED TO KNOW ABOUT YOUR INSTALLMENT AGREEMENT

We based this installment agreement on your current financial situation. We can review this agreement every two years and request new financial information from you.

We charge a $107 user fee to cover the cost of entering into a direct debit installment agreement not established through an IRS automated self-service application. However, we reviewed your account and found you qualify for a reduced fee of $43 due to your income level.

You must contact our office at least 15 days before your monthly due

```
                                                              0773524307
                              Jan. 23, 2018    LTR 1962C    0
                                                200212 30
                                                          00009729

     KEVIN J KELLER
     1803 WELSH RD
     MOHNTON  PA  19540-8804
```



006312

sufficient funds in your account to cover the payments on their due dates and keep your records up to date. Your installment agreement will default if you miss a payment due to insufficient funds in your account.

You must contact our office at least 15 days before your monthly due date to stop an automatic payment withdrawal from your checking account.

The direct debit installment agreement system will automatically calculate the amount of the final installment payment. You won't need to contact us for a "final pay-off" amount.

To maintain your electronic installment agreement, we must have current information. If your banking information changes, submit a new Form 433-D, Installment Agreement, with your new routing and account numbers. We can't change your routing and account numbers over the phone. You must contact us 15 days before the due date to stop the payments from your old account. If you don't notify us in time, your installment agreement will default for non-payment, and we may file a Notice of Federal Tax Lien or take other enforcement action. If we propose a default, decide to file a Notice of Federal Tax Lien, or take other enforcement action, you'll be entitled to a CAP appeal before we do so.

If your address changes, you should send a completed Form 8822, Change of Address, or for business address changes, Form 8822-B, Change of Address or Responsible Party - Business, to the address on page 2 of the form. Also, you must promptly notify our Installment Agreement office of any change in your address or marital status to ensure we can communicate with you. You can send us information by mail to the address at the top of this letter. We must have your current address to maintain your installment agreement.

We'll apply any refunds you're due to the amount you owe until you pay your balance in full. A refund payment isn't a substitute for a monthly payment. You must still make your regular monthly payment if we apply a refund to your account.

To reduce the amount of penalty and interest you'll pay on the unpaid balance, you can send in monthly payments until we start automatically taking payments from your checking account.

HOW TO PAY FEDERAL TAX

Federal taxes are pay-as-you-go taxes. You must pay the tax as you

```
                                                 0773524307
                                Jan. 23, 2018  LTR 1962C  0
                                             200212 30
                                                 00009731
```

KEVIN J KELLER
1803 WELSH RD
MOHNTON  PA  19540-8804


006312

+1-267-941-1000 (not toll-free).

You can get any of the forms or publications mentioned in this letter by visiting our website at www.irs.gov/forms-pubs or by calling 800-TAX-FORM (800-829-3676).

When you write, include a copy of this letter, and provide your telephone number and the hours we can reach you in the spaces below.

Telephone number ( )_____ Hours _____

Keep a copy of this letter for your records.

Thank you for your cooperation.

                                        Sincerely yours,

                                        Mary F. Zinkan
                                        Operations Mgr., ACS Remote Ops. 1

Enclosures:
Envelope

```
                                                        0773524307
                                    Jan. 23, 2018   LTR 1962C   0
                                                   200212 30
                                                        00009732
```

KEVIN J KELLER
1803 WELSH RD
MOHNTON  PA  19540-8804



006312

Send payments to:

Internal Revenue Service
      Cincinnati Service Center
      Cincinnati  OH  45999

Form 2400B (12/15)

# UNITED STATES BANKRUPTCY COURT
Eastern District of Pennsylvania

In re  Kevin James Keller  ,          Case No. 17-14565-REF
       *Debtor*

Chapter 13

## MOTION FOR APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of Reaffirmation Agreement, and because *(provide any additional relevant reasons the court should consider)*:

I have a significant increase in my income and can afford both my monthly payment and the Chapter 13 payment.

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions *(check all applicable boxes)*:

☑ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income, as explained in Part II of Form 2400A, Reaffirmation Documents)

Signed: *Kevin J Keller*
      *(Debtor)*

_____
*(Joint Debtor, if any)*

Date:    01/24/2018